IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:21-CR-00060-KDB-SCR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| JESSIE LEROY GLASS JR, | ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on the United States' Notice of Intent to Admit Evidence under Rule 404(b) and the Defendant's Motion in Limine to prevent the United States from admitting images of child pornography because the Defendant is willing to stipulate the images are child pornography. (Doc. Nos. 64, 65). The Court has reviewed the filings, the parties' briefs and exhibits, and other relevant pleadings of record. For the reasons discussed below, the Court will deny the Motion in Limine and permit the introduction of the United States' proposed Rule 404(b) evidence.

I.  BACKGROUND

On February 10, 2020, after receiving a tip by the Defendant's wife that he was in possession of child pornography Detective Jason Lowrance sought a search warrant for the Defendant's residence. Doc. No. 43-1 at 5. Law enforcement obtained a search warrant from a North Carolina Superior Court Judge and executed it on February 11, 2020, seizing various electronic devices, including an LG cellphone. *Id*. The Defendant was not present during the search of his home; therefore, law enforcement went to his workplace to speak with him. *See* Doc. No. 43-2. At his workplace, the Defendant voluntarily turned over his Samsung cellphone. *Id*. Det.

1

Lowrance then applied for, and received, a second search warrant to search the Defendant's Samsung cellphone. Ultimately, Forensic Analyst Kelly Matthewman recovered thumbnail and cache drive data allegedly containing child pornography from both the LG cellphone seized from the Defendant's home and the black Samsung cellphone surrendered by him.

On August 17, 2021, a grand jury returned an indictment against the Defendant, charging three counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and one count of possessing with intent to view child pornography that involved a prepubescent minor and a minor who had not attained 12 years old, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). *See* Doc. No. 3.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 402, all "[r]elevant evidence is admissible unless" specifically prohibited by the Constitution, a federal statute, or another evidentiary rule. Fed. R. Evid. 402. Rule 401 defines relevant evidence as having "any tendency to make a fact [of consequence to the determination of the case] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Even so, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Prejudice refers to evidence that has an "'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Queen*, 132 F.3d 991, 994 (4th Cir.1997) (citations omitted). The analysis under Rule 403 "entails a dual inquiry." *Mullen v. Princess Anne Volunteer Fire Co*., 853 F.2d 1130, 1133 (4th Cir. 1988). First, the court must "look to the probative value of the evidence on the question" sought to be proved. *Id*. Second, the court must "examine the possibility that the evidence will cause unfair prejudice to the defendant" or other "harmful consequences." *Id*.

2

Normally, character evidence is inadmissible. Rule 404(b) provides, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Exceptions to this rule include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Fourth Circuit Court follows to a four-step test to determine the admissibility of "prior bad acts evidence" under Rule 404(b): the evidence must (1) be relevant and not offered to establish general character; (2) be probative of the essential claim; (3) be reliable; and (4) be able to pass the Rule 403 balancing test. *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) (citing *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)).

### III. DISCUSSION

a) <u>The United States' Notice of Intent to Use Evidence under Rule 404(b) (Doc. No. 64)</u>

The United States has noticed its intent to introduce at trial evidence of Defendant's commission of other acts, and in particular, that Defendant's Samsung Cellphone contained child pornography images and links to the website Mega that led to child pornography images. *See* Doc. No. 64. The United States argues that this evidence is admissible because: (1) it is intrinsic to the charged crimes; and (2) under Rule 404 (b) it is relevant to show intent, plan, knowledge, identity, and absence of mistake or accident. *Id*. The Defendant opposes the introduction of this evidence arguing it will result in unfair prejudice, will confuse the issues and mislead the jury, and it is needlessly cumulative. *See* Doc. No. 68. However, the Court finds that the evidence is intrinsic to the charged offense and, even if it weren't, it would be admissible under Rule 404(b).

The Fourth Circuit has held that "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Chin*, 83 F.3d 83, 87–88 (4th Cir.

3

1996). "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir. 1994)). In a situation where evidence is presented that arose out of the same series of transactions as the charged offense or that is necessary to complete the story of the charged crime, a Rule 404(b) analysis is not necessary, but such evidence is still subject to a Rule 403 balancing test. *See Chin*, 83 F.3d at 88.

Here, the child pornography on the Defendant's Samsung Cellphone is part of the same course of conduct as the charged offenses. The Samsung Cellphone was seized on the same day as the LG Cellphone as part of the same investigation. The two cellphones also contain the same child pornography and evidence of the use of the Mega website. The identicality of the child pornography on the cellphones supports the conclusion that they were part of the same course of conduct. Moreover, the evidence on the Samsung Cellphone provides background and context to the charged offenses, forms an integral part of the account of the offenses, and completes the narrative of the crime. As a result, the evidence on the Samsung Cellphone is inextricably intertwined with the child pornography on the LG Cellphone. Therefore, the evidence on the Samsung Cellphone is admissible as intrinsic and relevant to the charged offenses.

Further, even if the Court were to assume that the evidence on the Samsung Cellphone is not intrinsic, it is still admissible under Rule 404(b). Evidence of prior acts is admissible under Rule 404(b) if (1) the evidence is relevant to an issue and not offered to establish the general character of the defendant; (2) the prior act is necessary in that it is probative of an essential claim or an element of the offense; (3) the evidence is reliable; and (4) the probative value of the evidence

4

is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). The evidence on the Samsung Cellphone easily meets all of these elements.

First, the evidence from the Samsung Cellphone is relevant to the identity of the possessor of the child pornography. The evidence on the Samsung Cellphone is allegedly identical to the evidence found on the Defendant's LG Cellphone. The jury may, but need not, find it more likely that the Defendant possessed the child pornography on the LG Cellphone because he viewed the same or similar images on his Samsung Cellphone. Second, the evidence on the Samsung Cellphone is relevant to whether the Defendant knowingly possessed child pornography. It is more likely that he knowingly possessed the child pornography on the LG Cellphone if he has a history of viewing child pornography on his Samsung Cellphone and of sending links containing child pornography. Third, the evidence on the Samsung Cellphone is reliable. The phone was seized directly from the Defendant and the evidence was obtained by a computer forensic analyst, who will be testifying and is subject to cross-examination. And lastly, the probative value of the evidence is not substantially outweighed by confusion or unfair prejudice. The evidence on the Samsung Cellphone is highly probative of the Defendant's knowledge and possession of child pornography. While this evidence is obviously prejudicial to the Defendant, it is not unfairly so. As part of the trial the jurors will necessarily have to view images of child pornography and hear testimony about visual depictions of children engaging in sexually explicit conduct. It is therefore unlikely that the additional evidence from the Samsung Cellphone will have an unfairly prejudicial effect. Furthermore, when appropriate, the Court will offer a limiting instruction explaining the purpose for admitting the evidence. *See Queen*, 132 F.3d at 997.

In short, the evidence obtained from the Samsung Cellphone is intrinsic to the charged offenses as it was part of an alleged single course of conduct by the Defendant. Alternatively, the Samsung Cellphone evidence meets all the elements under Rule 404(b) because it is relevant, reliable, and not unduly prejudicial.

   b) The Defendant's Motion in Limine (Doc. No. 65).

The Defendant has moved to preclude the United States from introducing the images of child pornography found on the LG Cellphone seized from his residence, the Samsung Cellphone seized from his person, and the images associated with Mega links. *See* Doc. No. 65. The Defendant argues that, because he is willing to stipulate that these images are child pornography, this evidence is highly prejudicial, irrelevant, and any probative value is outweighed by the prejudicial effect. *Id*. The United States responds that the evidence is relevant to the charged offenses and any risk of undue prejudice can be properly addressed in the jury selection process. The Court agrees with the United States.

Although all relevant evidence tends to prejudice the party against whom it is offered, relevant evidence will be excluded only when the probative value of that evidence *substantially* outweighs the unfairly prejudicial nature of the evidence. Fed. R. Evid. 403. When one party stipulates to a disputed fact, any additional evidence offered to prove that stipulated fact, while still relevant, may violate Rule 403. *See Old Chief v. United States*, 519 U.S. 172, 179, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). However, the United States need not accept the Defendant's effort to use a stipulation to overcome their right "to make a full presentation of the crime currently charged." *See Old Chief*, 519 U.S. at 183 ("[A] defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense."). Here, the Defendant is charged with three counts

6

of receipt of child pornography and one count of possession with intent to view child pornography. *See* Doc. No. 3. Under these offenses, the United States must prove that the Defendant knew that the images depicted minors engaging in sexually explicit conduct and that he knowingly possessed these materials. While the Defendant is willing to stipulate that the images are child pornography, he still denies committing the charged offenses. As a result, a full presentation of the evidence includes a small sample of the images and the testimony of the computer forensic analyst about her examination of the cellphones and the child pornography. The volume of child pornography and the alleged identicality of the images on the two cellphones are relevant to the Defendant's knowledge and his alleged possession of these images. The Court can also eliminate any potential undue prejudice through the jury selection process and limiting instructions when appropriate. Moreover, the United States has a right to admit evidence to establish a coherent narrative of the Defendant's actions for the jury. *Old Chief*, 519 U.S. at 192. The general language of a stipulation is unlikely to have the same evidentiary value as seeing the particular images and hearing the testimony of the computer forensic analyst.

In sum, the Court finds that a small sample of images of child pornography and the testimony of the computer forensic analyst are relevant and that the United States is entitled to a full presentation of the evidence despite the Defendant's offer of stipulation. *See United States v. Warrick*, 592 F. App'x 221 (4th Cir. 2015) (finding a district court did not abuse its discretion in allowing the jury to view short clips from seven child pornography videos despite Defendant's offer to stipulate); *United States v. Morales-Aldahondo*, 524 F.3d 115, 119-20 (1st Cir. 2008) (affirming conviction where jury was shown, over defendant's objection, 12 photographs and 10 video clips despite defendant's offer to stipulate that all images and videos met the legal definition of child pornography); *United States v. Caldwell*, 586 F.3d 338, 343 (5th Cir. 2009) (affirming

conviction where jury was shown, over defendant's objection, three short excerpts from three of the 17 videos on defendant's computer, despite defendant's stipulation).

**IT IS THEREFORE ORDERED THAT** the United States' Notice of Intent to Admit Evidence under Rule 404(b), Doc. No. 64, is **GRANTED** and the Defendant's Motion in Limine, Doc. No. 65, is **DENIED**.[1]

**SO ORDERED.**

Signed: June 13, 2023

Kenneth D. Bell
United States District Judge

---

[1] The Court will also grant the Defendant's Motion in Limine, Doc. No. 66, because the United States has represented that it does not intend to present any of the evidence that is the subject of that motion.